IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOSHUA DOW and
RACHEL DOW,

           Plaintiffs,

v.                                     CIVIL ACTION NO. 3:19-0486

LIBERTY INSURANCE COMPANY and
PUTNAM COUNTY COMMISSION,
a political subdivision,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs Joshua and Rachel Dow's and Defendant Putnam County Commission's ("the Commission") Joint Motion to Dismiss all claims against the Commission (ECF No. 37). Defendant Liberty Insurance Company ("Liberty") filed a response (ECF No. 39) to which Plaintiffs replied (ECF No. 40). The motion is now ripe for judgment. For the following reasons, the Court **GRANTS** the Motion to Dismiss (ECF No. 38), **DISMISSES WITHOUT PREJUDICE** the causes of action against Putnam County Commission, and **DENIES AS MOOT** Putnam County Commission's Motion for Leave to File a Third-Party Complaint (ECF No. 36).

**I. BACKGROUND**

This suit arises from events in 2018, which resulted in water damage to Plaintiffs' home in Hurricane, West Virginia. FAC ¶ 8, ECF No. 21. Plaintiffs allege that the Commission caused this damage when it "mis-direct[ed] and dump[ed] . . . large amounts of water from [its] Maintenance building and pool operations" toward Plaintiffs' property. *Id*. at ¶ 20. This

redirection allegedly caused the channel adjacent to Plaintiffs' home to overflow and Plaintiffs' house to flood. *Id*. at ¶ 21. Plaintiffs sought insurance payments for the damage under a policy they purchased with Liberty. *Id*. at ¶ 11. However, Liberty denied Plaintiffs' claim. *Id*. at ¶ 7; Answer to FAC ¶ 7, ECF No. 26.

On June 28, 2019, Plaintiffs filed this suit. *See Compl*., ECF No. 1. Plaintiffs alleged four causes of action against Liberty, including a request for declaratory judgement, breach of contract, breach of the covenant of good faith and fair dealing, and statutory bad faith. *Id*. at ¶¶ 11–37. Although Plaintiffs only asserted state claims, Plaintiffs' suit against Liberty satisfied the elements for diversity jurisdiction under 28 U.S.C. § 1332.

On March 12, 2020, Plaintiffs filed their First Amended Complaint and added the Commission as a defendant. In the FAC, Plaintiffs alleged that the Commission violated West Virginia's reasonable use doctrine, failed to comply with a statutory permit, and failed to perform an affirmative assumed duty. FAC ¶¶ 54–64. On August 3, 2020, the Commission filed a Motion for Leave to File a Third-Party Complaint (ECF No. 36) against two contractors that worked on the construction project that allegedly caused damage to Plaintiffs' home.

After filing the FAC, the parties realized that Plaintiffs' claims against the Commission destroyed this Court's jurisdiction because the Commission and Plaintiffs are both citizens of West Virginia. Now Plaintiffs and the Commission jointly seek to restore diversity jurisdiction by dismissing the claims brought against the Commission. In opposition, Liberty argues that the Court cannot grant the motion because the Commission is an indispensable party. In the alternative, Liberty requests leave to file a third-party complaint against the Commission.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 21, the court "may at any time, on just terms, add or drop a party." The Supreme Court has interpreted this rule as allowing a "dispensable

nondiverse party to be dropped at any time." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989). In *Martinez v. Duke Energy Corp.*, the Fourth Circuit held that the district court abused its discretion when it denied the plaintiff's motion to drop a dispensable nondiverse party. 130 Fed. Appx. 629, 637, 640 (4th Cir. 2005). The court held that district courts should permit a plaintiff to drop a party at any time unless it would prejudice the remaining defendants. *Id*. Here, the parties agree that the Commission is a nondiverse party. Therefore, the primary issue is whether the Commission is dispensable.

Before the Court may reach that issue, however, it must address Liberty's argument that the Court should deny the motion because Plaintiffs previously referred to the Commission as an indispensable party. *See* Joint Agreed Mot. to Vacate Scheduling Order, ECF No. 16. To support its estoppel argument,[1] Liberty points to the Joint Agreed Motion to Vacate the Scheduling Order filed by Plaintiffs and Liberty (ECF No. 16). In that Joint Agreed Motion, the parties stated that Plaintiffs wished to amend its complaint "so that all indispensable parties can be brought into this action." Liberty reasons that because Plaintiffs ultimately joined the Commission, Plaintiffs should be estopped from arguing that the Commission is dispensable.

The Court rejects Liberty's inference that the Joint Agreed Motion referred to the Commission and finds that Plaintiffs have not directly refer to the Commission as an indispensable party in prior filings. Moreover, even if Plaintiffs referred to the Commission as "indispensable," such a reference would not preclude the Plaintiffs' immediate motion. "Judicial estoppel is a judge-made doctrine designed to prevent a party who plays fast and loose with the courts from gaining unfair advantage through the deliberate adoption of inconsistent positions in successive suits." *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 675–76

---

[1] Seeing that this argument is not directly related to the standard under Rule 21 or *Martinez v. Duke Energy Corp.*, 130 Fed. Appx. 629, the Court has construed Liberty's argument as one of equity and estoppel.

(1st Cir. 1994) (internal citations omitted). In *Casas*, the defendant argued that the doctrine of estoppel precluded the plaintiff from asserting that defendant was dispensable because the plaintiff had taken the opposite position before the case was removed from bankruptcy court to the district court. *Id*. The First Circuit Court of Appeal rejected the defendant's argument, holding that the plaintiff did not gain an unfair advantage because the bankruptcy court's decision did not rely on the issue of dispensability. *Id*. Here, as in *Casas*, the prior statement did not give Plaintiffs an unfair advantage because the Court neither relied on the statement in granting the Joint Agreed Motion (*see* ECF No. 18), nor did it grant relief that disadvantaged Liberty. Rather, the Court granted the relief that both parties requested. Therefore, the Court rejects Liberty's argument.

Moving now to the merits of the motion, the Court must consider whether the Commission is indispensable. When analyzing whether a party is indispensable for the purposes of Rule 21, Courts apply Rule 19. *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, n. 23 (4th Cir. 1978). Under Rule 19(b), when joinder of parties is not feasible because of, among other things, nondiversity, a court must decide whether "the action should proceed among the parties before it, or should be dismissed because the absent party is indispensable." *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 901 (4th Cir. 2014) (quoting Fed. R. Civ. P. 19(b) (internal citations omitted). In making this determination, a court must evaluate four factors:

> first, the extent to which judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id*.

Here, the factors indicate that the Commission is dispensable. Under the first two factors,

there is no indication that dismissal would prejudice Liberty in a way that the Court cannot mitigate. Liberty argues that it would be prejudiced if the Commission is dropped from the case because if Plaintiff re-files its claims against the Commission in state court, Liberty would be required to intervene in that case. Although the Court understands Liberty's concern, it is one of inconvenience rather than prejudice. Moreover, even if it were prejudicial, such a prejudice may be mitigated if Liberty files a third-party complaint against the Commission.

As to the third and fourth factors, Plaintiff would not be precluded from obtaining full relief from Liberty if the Court dismissed Plaintiff's claims against the Commission. In asserting its contractual claims against Liberty, Plaintiffs do not argue that the Commission had any duty to the Plaintiffs arising from that contract. Rather, the Commission's liability to Plaintiffs, if any, would arise under tort law. These claims involve separate legal analyses and can be resolved as such. Finally, Liberty argues that the Commission is "indispensable" because "the claims against both Liberty and Commission are rooted in allegations regarding the same water damage to Plaintiff's property." However, Rule 19 does not require the joinder of a party simply because that party's case involves similar or even identical questions of fact. If conflicting findings of fact arise, such conflicts may be resolved under the claim preclusion or abstention doctrines. Therefore, the Court finds that the Commission is not an indispensable party for the purposes of Rule 21.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Joint Motion to Dismiss, **DISMISSES** all claims against Putnam County Commission, and **DENIES AS MOOT** Putnam County Commission's Motion for Leave to file a third-party complaint.

The Court DIRECTS the Clerk to send a copy of this Order to counsel of record.

ENTER: September 23, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE