IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOSHUA DOW and
RACHEL DOW,

        Plaintiffs,

v.                CIVIL ACTION NO.  3:19-0486

LIBERTY INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs Joshua and Rachel Dow's Motion to Alter or Amend Judgment. ECF No. 112. For the following reasons, the Motion is **GRANTED**.

**I. BACKGROUND**

This action stems from a water loss insurance claim that Plaintiffs Joshua and Rachel Dow submitted to Defendant Liberty Insurance, a homeowner's insurance company. In their Amended Complaint, Plaintiffs alleged that water damage at their home was covered by their insurance policy with Defendant, and that Defendant failed to properly investigate and eventually wrongfully denied their claim. Am. Compl. ¶¶ 7-11, ECF No. 21. Plaintiffs' Amended Complaint contains four counts brought against the defendant insurer:[1] Count I: Declaratory Judgment Action, Count II: Breach of Contract, Count III: First Party Common Law Extra-

---

[1] Additional counts were brought against Defendant Putnam County Commission. Am. Compl. ¶¶ 54-64. On September 23, 2020, the Court granted Putnam County Commission's Motion to Dismiss the causes of action brought against it. Mem. Op. & Order, ECF No. 41.

1

Contractual Damages, and Count IV: First Party Salutatory Bad Faith. Am. Compl. ¶¶ 27-53. The instant action concerns Count IV, and its alleged survival of a grant of summary judgment by this Court on June 30, 2022.

Defendant filed its Renewed Motion for Summary Judgment on April 1, 2022. ECF No. 99. In that Motion, Defendant primarily focused on Plaintiffs' Counts I and II for declaratory judgment and breach of contract. *See* Mem. in Supp. of Def.'s Renewed Mot. for Summ. J., ECF No. 102; Am. Compl. ¶¶ 27-41. At the end of Defendant's Memorandum in Support of that Motion, section III.D. argued that, given a disposition in its favor on Counts I and II, Counts III and IV would fail as a matter of law. Mem. in Supp. of Def.'s Renewed Mot. for Summ. J. 9-10. Plaintiffs did not address these arguments concerning Counts III and IV in their Response to the Renewed Motion, but broadly re-asserted the validity of their claims under those counts. *See* Pls.' Resp. to Def.'s Renewed Mot. for Summ. J. 10-11, ECF No. 103. In their own Renewed Motion for Partial Summary Judgment, ECF No. 100, Plaintiffs asked this Court to grant summary judgment only on Counts I and II; accordingly, none of the briefings regarding that Motion addressed Counts III and IV in depth. *See* Pls.' Mem. in Supp. of Renewed Mot. for Partial Summ. J., ECF No. 101; Def.'s Resp. to Pls.' Renewed Mot. for Partial Summ. J., ECF No. 104; Pls.' Reply to Def.'s Resp. to Pls.' Renewed Mot. for Summ. J., ECF No. 105.

The Court issued an order granting Defendant's Motion for Summary Judgment and striking the case from its docket on June 30, 2022. In deciding the parties' cross motions for summary judgment, this Court likewise focused on and addressed Counts I and II of Plaintiffs' Amended Complaint. *See* Mem. Op. & Order, ECF No. 109. Finding Plaintiffs' claim to be subject to an exclusion in their insurance policy, the Court granted Defendant's Motion and issued a Judgment Order, closing the case. *Id.*; J. Order, ECF No. 110.

Plaintiff timely moved to alter or amend the judgment order pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 112. Plaintiffs allege the Court did not properly address Count IV, their claim based in the West Virginia Unfair Trade Practices Act ("UTPA"). *See* Pls.' Mem. in Supp. of Mot. to Alter or Am. J. Order 9-10, ECF No. 113. Plaintiffs argue that they have reiterated Count IV throughout litigation, including in their Response to Defendant's initial Motion for Summary Judgment, ECF No. 48 at 10, their Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, ECF No. 60 at 8, and their Reply to Defendant's Response to Plaintiff's Second Supplemental Memorandum, ECF No. 80 at 6, among others. *Id*. at 7-8. Plaintiffs assert that, even though they have not prevailed on the underlying contract claim, the UTPA claim is ripe for adjudication because West Virginia and Fourth Circuit law does not require an insured to "substantially prevail" on the underlying claim to bring an UTPA claim. *Id*. at 9.

Defendant counters that the motion should be denied, as amending a judgment order is an extraordinary remedy and Plaintiffs are impermissibly trying to raise new arguments and novel legal theories that could have been raised prior to the judgment. Def.'s Resp. to Pls.' Mot. to Alter or Am. J. 2-4, 6, ECF No. 122. Defendant further argues that while West Virginia law allows UTPA claims where plaintiffs have not "substantially prevailed," the law does not allow claims where plaintiffs do not prevail at all on the underlying claim. *Id*. at 7-10. Defendant notes that during a November hearing on Defendant's Motion for Summary Judgment, the Court and Defendant indicated that the UTPA claim was premised on being entitled to coverage. *See id*. Ex. 2 at 7, 29. Finally, Defendant argues at length that caselaw cited by Plaintiffs is inapposite to the instant case, and that this Court has previously held for their position in truly analogous cases. *Id*. at 10-13.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) states that the Court may alter or amend a judgment so long as a party moves to do so no later than 29 days after trial. The Fourth Circuit instructs that these motions may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Peterson v. Ames*, No. CV 3:19-0126, 2020 WL 3051605, at *1 (S.D.W. Va. June 8, 2020), *appeal dismissed*, No. 20-6852, 2022 WL 186059 (4th Cir. Jan. 20, 2022) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

Granting a Rule 59(e) motion is an extraordinary remedy and should be applied sparingly. *Id.* (citing *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012)). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Nor can a party use the Rule to raise arguments that could have been raised prior to the judgment or argue the case under a novel theory that the party could have addressed in the first instance. *Woodrum v. Thomas Mem. Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D.W. Va. 1999).

## III. ANALYSIS

As a preliminary matter, the Court finds that Plaintiffs are not raising new or novel arguments which they could have raised in the first instance. While none of the briefings on either of the Renewed Motions for Summary Judgment discussed Count IV in depth—as discussed above—the Court concludes that Plaintiffs appropriately preserved the issue. In the second-to-last paragraph of their Response to Defendant's Motion, Plaintiffs conclude their

broader arguments concerning insurance coverage by stating that their claim under the UTPA "remain[s] entitled to determination by a jury." Pls.' Resp. to Def.'s Renewed Mot. for Summ. J. 10-11. This statement went unaddressed by Defendant in its Reply. *See* Def.'s Reply in Supp. of Renewed Mot. for Summ. J. Due to the sparse briefing on the issue,[2] this Court mistakenly did not address the issue separately in its Memorandum Opinion and Order. However, much of this sparse briefing was due to the fact that Count IV was not in contention on Plaintiffs' cross-motion for Partial Summary Judgment. *See* Pls.' Mem. in Supp. of Renewed Mot. for Partial Summ. J. Plaintiffs should not be prejudiced by their decision not to seek summary judgment on a particular count, nor by Defendant's failure to argue its own Motion for Summary Judgment on the count in question.

Accordingly, the Court will consider the merits of Plaintiffs' Motion to Amend. Count IV of Plaintiffs' Amended Complaint alleges that Defendant "violated the West Virginia Unfair Claims Settlement Practices Act, West Virginia Code § 33-11-4(9), and the West Virginia State Insurance Department Regulations, C.S.R. 114-14-1, with sufficient frequency to constitute a general business practice." Am. Compl. ¶ 51. West Virginia Code § 33-11-4(9), or the UTPA, bars anyone from committing with "such frequency as to indicate a general business practice" acts such as "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue" and "[f]ailing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement." A UTPA claim does not require "substantially prevailing on the underlying contract action." *Jordache Enterprises, Inc. v. Nat'l Union Fire Ins. Co.*, 513 S.E.2d 692, 713 (W. Va. 1998); *Maher v. Continental Cas. Co.*, 76 F.3d 535, 543 (4th Cir. 1996)

---

[2] At the renewed motion for summary judgment stage, briefing from both parties combined on the issue consisted of a total of five sentences, three of which were conclusory statements of law.

("[I]nsured was not required to show that it substantially prevailed on underlying claim in order to maintain unfair settlement practices claim"). Regulatory provisions also obligate an insurer to disclose pertinent policy provisions to first-party claimants. Insurers may not "knowingly fail to fully disclose to all first-party claimants all pertinent benefits, coverages or other provisions of an insurance policy . . . under which a claim is presented." 114 C.S.R. 14.4.1. Similarly, an insured may not "knowingly conceal first-party claimants benefits, coverages or other provisions of any insurance policy . . . when such benefits, coverages or other provisions are pertinent to a claim." C.S.R. 14.4.2.

The parties dispute whether West Virginia law allows a case to be brought under the UTPA where plaintiffs have had the underlying insurance claim adjudicated against them in its entirety. The differing predicate conditions for bringing suit in statutory and common law bad faith insurance cases are well established. *See Jenkins v. J.C. Penney Casualty Insurance Company*, 280 S.E.2d 251 (W. Va. 1981) (regarding statutory bad faith in insurance cases); *Hayseeds, Inc. v. State Farm Fire & Casualty*, 352 S.E.2d 73 (W. Va. 1986) (regarding common law bad faith in insurance cases); Syl. Pt. 7, *Jorache Enters., Inc. v. Nat'l Union Fire Ins.*, 513 S.E.2d 692 (W. Va. 1998) (comparing the two). While a *Hayseeds* common law bad faith claim requires the plaintiff to have substantially prevailed in the underlying insurance dispute, a *Jenkins* statutory-based claim is not dependent upon a positive disposition of the underlying insurance claim. *Jorache*, 513 S.E.2d at 712 (quoting Syl. Pt. 9, *McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 518 (W. Va. 1996)). In *Jordache*, the Supreme Court of Appeals of West Virginia held that a UTPA claim was not subject to res judicata or summary judgment where a previous action found the underlying insurance policy did not afford coverage. *Id*. Since *Jordache*, the Supreme Court of Appeals of West Virginia has decided at least one other UTPA

case in which a claim brought under an insurance policy was not covered by that policy. *See Aluise v. Nationwide Mut. Fire Ins.*, 625 S.E.2d 260, 271 (W. Va. 2005).

However, Defendant has made the argument that Plaintiff impermissibly conflates "substantially prevail" with "prevail," citing to a variety of West Virginia and Fourth Circuit caselaw. *See* Def.'s Resp. to Pls.' Mot. to Alter or Am. J. Order 7-13. First, Defendant notes that several of the UTPA cases cited by Plaintiffs in their Motion involved an insured prevailing in part on their underlying insurance claim. *Id*. at 8-9 (discussing *Maher*, 76 F.3d 535 and *McCormick*, 475 S.E.2d 507). While accurate, this argument is ultimately irrelevant; the fact that plaintiffs in other cases partially prevailed in underlying insurance coverage disputes does not necessitate a finding that such a disposition is a prerequisite under the UTPA. *See also Jordache,* 513 S.E.2d at 712 (in which plaintiffs did not prevail at all in the underlying insurance dispute but were found to have a justiciable claim under the UTPA). Again, Defendant's analysis of this Court's Memorandum Opinion in *Call v. American International Group*—originally cited by Plaintiffs—is correct but irrelevant. *See* Def.'s Resp. to Pls.' Mot. to Alter or Am. J. Order 10-11; Pls.' Mem. in Supp. of Mot. to Alter or Am. J. Order 2, 9; 2008 WL 11380129 at *1 (S.D.W. Va. July 30, 2008). Defendants are correct that *Call* was procedurally dissimilar to the instant case, and that the issue of whether the UTPA applied to an action "regardless of the outcome of the underlying coverage determination" was stipulated to by the parties in that dispute, rather than adjudicated by the Court. *Call*, 2008 WL 11380129 at *1. And yet, as the above analysis of *Jordache* and *Aluise* demonstrates, the parties' stipulation in *Call* was correct; had the parties not stipulated the issue in that dispute, the Court would have reached the same conclusion.

Finally, Defendant argues that this Court's decision in *Felman Production, Inc. v. Industrial Risk Insurers* found as a matter of law that an insured could not demonstrate a

7

statutory bad faith claim against an insurer where liability under an underlying insurance policy had not attached. Def.'s Resp. to Pls.' Mot. to Alter or Am. J. Order 11-12; *see* 2010 WL 3491226 at *6 (S.D.W. Va. Sept. 2, 2010). In *Felman*, the Court found that the plaintiff's UTPA claim under § 33-11-4(9)(d)—which provides that no person shall "refus[e] to pay claims without a reasonable investigation"—was groundless, as the insurer defendant had "neither affirmed nor denied coverage under its excess insurance policy." 2010 WL 3491226 at *6. The decision to dismiss the plaintiff's UTPA claim in *Felman* was grounded in the status of the insurer in that case as an *excess* insurer, without the duty to investigate claims which Defendant has here. *Id*. Nothing in *Felman* indicates that prevailing on an underlying insurance claim is a prerequisite for bringing a UTPA claim.

Accordingly, the Court finds that Plaintiffs' analysis of the UTPA is correct; the Court's Memorandum Opinion granting summary judgment to Defendants on Counts I and II of Plaintiffs' Amended Complaint should not have impacted the justiciability of Count IV. This is a clear error of law, and the Court must grant Plaintiffs' Rule 59(e) Motion to prevent manifest injustice.

### IV. CONCLUSION

Accordingly, Plaintiffs' Motion to Alter or Amend Judgment, ECF No. 112, is **GRANTED**. As the Court finds that judgment as to all claims is not appropriate, as explained in its Amended Memorandum Opinion and Order entered contemporaneously, the action is **RESTORED** to the active docket. The Court **DIRECTS** the parties to conduct a Rule 26(f) meeting and file a Report of the Parties' Planning Meeting by **December 19, 2022.** The Court will then enter a scheduling order. Finally, the Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER: December 1, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE